**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

MARIAN WENDINGER,

Plaintiff,

– vs –

STATE FARM BANK,

Defendant.

Case No
2:17-cv-00102-WCO

# VERIFIED COMPLAINT

COMES NOW Plaintiff, MARIAN WENDINGER ("Plaintiff"), through her attorneys, THE LAW OFFICE OF WAKHISI-DOUGLAS, LLC, and hereby alleges the following against Defendant, STATE FARM BANK ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on negligent violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq., (TCPA).
2. Count II of Plaintiff's Complaint is based on knowing and/or willful violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq., (TCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740

(2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

5. Plaintiff is a natural person residing in the Jackson County, in the city of Commerce, Georgia.
6. Defendant is a Delaware corporation doing business in the State of Georgia with its principal place of business located in Bloomington, Illinois.
7. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).
9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (706) 255-88XX.

11. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to (888) 634-0012.

12. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, MARIAN WENDINGER.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about December 4, 2016, at or about 12:58 p.m. Pacific Standard Time, the Plaintiff called into Defendant's company at phone number (888) 634-

0012 and spoke with Defendant's female representative ("Tasha") and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation, Plaintiff gave Defendant both her phone number and social security number to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on December 4, 2016.

20. Despite Plaintiff's request to cease, Defendant placed another collection three (3) calls to Plaintiff on January 10, 2017.

21. Defendant continued to place collection calls to Plaintiff through February 9, 2017.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least forty-three (43) automated calls to Plaintiff's cell phone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARIAN WENDINGER, respectfully requests judgment be entered against Defendant, STATE FARM BANK, for the following:

## FIRST CAUSE OF ACTION

31. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (43); $21,500.00;

32. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

33. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (43); $64,500.00;

34. Actual damages and compensatory damages according to proof at time of trial;

## ON ALL CAUSES OF ACTION

35. Actual damages and compensatory damages according to proof at time of trial;

36. Costs and reasonable attorneys' fees;

37. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

38. Plaintiff demands a jury trial on all issues so triable.

## LOCAL RULE 5.1 CERTIFICATION

Pursuant to Local rule 7.1D, counsel hereby certifies that the foregoing pleading was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1C.

DATED: May 18, 2017

Respectfully submitted,

WAKHISI-DOUGLAS, LLC
2002 Summit Blvd – Suite 300
Atlanta, GA 30319
404-566-2320 (Phone)
866-566-1232 (Facsimile)
cmdouglas@wd-law.net

/s/ Chuck M. Douglas
Chuck M. Douglas
Georgia Bar No. 939932
Attorney for the Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF GEORGIA

Plaintiff, MARIAN WENDINGER, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these

exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MARIAN WENDINGER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE:____________ ________________________________________

MARIAN WENDINGER